Corey ANDERSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9707–CR–313.

Court of Appeals of Indiana.

May 28, 1998.

 

Catherine M. Morrison, Wolf & Morrison, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kent D. Zepick, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

---

1. IND.CODE § 35–48–4–1 (Supp.1996).

**OPINION**

STATON, Judge.

Corey Anderson appeals his sentence for Dealing in Cocaine, a Class B felony.[1] Anderson raises one restated issue for our review: whether the trial court erred in denying his oral motion for a continuance of his sentencing hearing.

We affirm.

Following a bench trial on February 13, 1997, Anderson was convicted of Dealing in Cocaine and Possession of Cocaine, a Class D felony.[2] At the beginning of the sentencing hearing held on March 13, 1997, Anderson orally moved for a continuance in order to review medical records concerning his prior treatment for schizophrenia. The trial court denied the motion, merged the two offenses and imposed the presumptive ten-year sentence for the dealing conviction. Anderson now appeals, requesting that we vacate the sentence and remand for a new sentencing hearing.

■ When a defendant requests a continuance due to the absence of material evidence, absence of a material witness, or illness of the defendant, and the statutory criteria are met, the defendant is entitled to the continuance as a matter of right. *Elmore v. State*, 657 N.E.2d 1216, 1218 (Ind.1995); IND.CODE § 35–36–7–1 (1993). However, when a motion for a continuance is made on non-statutory grounds or the motion fails to meet the statutory criteria, the decision to grant or deny the motion is within the discretion of the trial court. *Elmore*, 657 N.E.2d at 1218. An abuse of discretion occurs when the ruling is against the logic and effect of facts and circumstances before the court or where the record demonstrates prejudice from denial of the continuance. *Gardner v. State*, 641 N.E.2d 641, 645 (Ind.Ct.App.1994).

■ Here, the Presentence Investigation Report alludes to Anderson's mental health. It provides in part:

In 1992 to 1994 while incarcerated ... [Anderson] reported he saw a psychiatrist

2. IND.CODE § 35–48–4–6 (Supp.1996).

who indicated to the defendant he suffered from paranoia and schizophrenia. He reported he has not received any treatment since he has been released from [the Indiana Department of Correction].

Record at 50. This information regarding Anderson's purported disorder was before the sentencing court. Anderson contends, however, in denying his motion for a continuance, the court precluded him from investigating the actual medical records and from then presenting evidence of a mitigating factor that could have reduced his sentence. We find no prejudice.

Here, Anderson's contention that additional time "could" result in a benefit to him is vague and unsubstantiated. In *Feyerchak v. State,* 270 Ind. 157, 383 N.E.2d 1023, 1025 (1978), the Indiana Supreme Court reviewed the trial court's denial of a motion for continuance of a trial five days before the trial was to commence and again on the first day of trial. The defendant claimed to be without funds and needed to procure witnesses possibly from Cleveland, Ohio and Alaska. *Id.* In holding that the defendant had not shown prejudice and that the trial court had a reasonable basis for its ruling, the *Feyerchak* court considered the "ample opportunity of appellant to marshall his evidence, the lateness of the motion, and its lack of specificity." *Id.*

In this case, Anderson's oral motion was made at the beginning of the sentencing hearing which was twenty-eight days after the defendant was found guilty. There was sufficient opportunity before the day of the hearing to discover and review medical records concerning defendant's mental health. Moreover, justification for the motion rested on a statement that counsel wanted to investigate Anderson's medical records concerning his treatment for schizophrenia. Anderson produced no evidence that actual records exist, and he did not demonstrate what those reports would prove. *See Gardner,* 641 N.E.2d at 645 (general contention that medical records would show defendant incompetent failed to show he was prejudiced by court's denial of his motion for a continuance). As the defendant in *Feyerchak,* Anderson has not shown prejudice.

We also recognize that it is within the trial court's discretion to determine whether the sentence should be enhanced or mitigated due to aggravating or mitigating circumstances. *Hicks v. State,* 631 N.E.2d 499, 502 (Ind.Ct.App.1994), *trans. denied.* The record reveals that Anderson's counsel argued that the medical records might demonstrate a mitigating factor; however, the trial court decided counsel was "wasting [his] time." Even if Anderson had introduced further evidence of his disorder, the trial court was not obliged to find this was a mitigator. *See Bivins v. State,* 642 N.E.2d 928, 952 (Ind. 1994), *reh. denied, cert. denied,* 516 U.S. 1077, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996).

Anderson's prior criminal history was before the court, and before imposing the presumptive sentence the trial judge remarked, "[I]t seems to me that the record would suggest that the sentence probably ought to be aggravated[.]" If the trial court had found Anderson's mental state a mitigating circumstance, it was within the court's discretion to balance that against Anderson's prior criminal record and still arrive at the presumptive sentence. We find no error. Accordingly, we conclude that the trial court did not abuse its discretion in denying appellant's oral motion for a continuance.

Affirmed.

HOFFMAN and GARRARD, JJ., concur.