**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 08 2012, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM ESTELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1109-CR-423 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles Carter Wicks, Judge
The Honorable James W. Rieckhoff, Senior Judge
Cause No. 20D05-1101-FD-1

**March 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

William Estell appeals his three-year sentence following his conviction for Class D felony escape. We affirm.

## Issue

The sole issue is whether the trial court properly denied Estell's motion for a continuance before he was sentenced.

## Facts

On December 15, 2010, Estell was serving time in a work release facility in Elkhart County. Estell left the facility that day and did not return for at least two days, although he was supposed to have returned by noon on the 15th. Estell claimed that he did not return because he wanted to attend the funeral of an uncle, but he did not seek permission to do so.

On January 4, 2011, the State charged Estell with Class D felony escape. On July 6, 2011, the State filed an amended information alleging Estell is an habitual offender and seeking to enhance his sentence on that basis. On July 18, 2011, Estell pled guilty to the escape charge and the State agreed to dismiss the habitual offender enhancement.

The trial court held Estell's sentencing on August 29, 2011. At the outset of the hearing, Estell orally moved to continue the sentencing hearing because he had completed his commitment on the offense for which he had been on work release and was now able to bond out of jail. Specifically, Estell's counsel asserted, "If he were allowed to bond out, he would be able to come in with better sentencing arguments, such

as he would have his affairs in order and he might have a job lined up too . . . ." Tr. pp. 14-15. The trial court denied the continuance motion. It proceeded to sentence Estell to a term of three years. Estell now appeals.

## Analysis

Estell's sole argument is that the trial court erred in denying his continuance motion prior to sentencing. Rulings on non-statutory motions for continuance, such as the motion here, lie within the discretion of the trial court and will be reversed only for an abuse of that discretion and resulting prejudice. See Barber v. State, 911 N.E.2d 641, 645-46 (Ind. Ct. App. 2009). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances before the trial court." Id. at 646. There is always a strong presumption that the trial court properly exercised its discretion in ruling on a non-statutory continuance motion. Elmore v. State, 657 N.E.2d 1216, 1218 (Ind. 1995). Generally, a trial court does not abuse its discretion in denying a continuance motion where the contentions made in support of the motion are "vague and unsubstantiated." Anderson v. State, 695 N.E.2d 156, 158 (Ind. Ct. App. 1998) (citing Feyerchak v. State, 270 Ind. 157, 383 N.E.2d 1023 (1978)).

Here, Estell's stated reason for wanting a continuance of his sentencing hearing was so that he could "have his affairs in order and he might have a job lined up too . . . ." Tr. pp. 14-15. Apparently, this would have been in an effort to persuade the trial court to impose an alternative sentence short of incarceration. However, these contentions are "vague and unsubstantiated." See Anderson, 695 N.E.2d at 158. There certainly was no

3

guarantee that Estell could have secured employment during any continuance the trial court could have granted; after all, he was facing sentencing for a felony conviction, his eighth felony conviction altogether, and it may have been very difficult to obtain employment under such circumstances. Additionally, to the extent Estell may have been hoping for some type of community corrections placement, both the State and trial court discussed at the sentencing hearing that he likely was no longer eligible for such a placement, given his history. In sum, this was not a situation in which the logic and effect of the circumstances before the trial court required it to grant Estell's continuance motion.

## Conclusion

The trial court did not abuse its discretion in denying Estell's continuance motion. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.