Kenneth ELMORE, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–9412–CR–1223.

Supreme Court of Indiana.

Nov. 28, 1995.

Kenneth T. Roberts, Monika P. Talbot, Roberts & Bishop, Indianapolis, for appellant.

Pamela Carter, Attorney General, Jody Kathryn Rowe, Deputy Attorney General, Office of the Attorney General, Indiana Government Center, Indianapolis, for appellee.

## ON DIRECT APPEAL

DeBRULER, Justice.

This case comes to us on direct appeal. Ind.Appellate Rule 4(A)(7). Appellant Ken-

1. Ind.Code Ann. 35–48–4–1 (West Supp.1994) (Dealing in Cocaine is Class A felony if it weighs more than three grams).

2. Ind.Code Ann. 35–48–4–1 (West Supp.1994) (Dealing in Cocaine is Class B felony if it weighs less than three grams).

3. Ind.Code Ann. 35–48–4–6 (West Supp.1994) (Possession of Cocaine is Class C felony if it weighs more than three grams).

neth Elmore was charged with the following crimes: (1) Dealing in Cocaine, a Class A felony;[1] (2) Dealing in Cocaine, a Class B felony;[2] (3) Possession of Cocaine, a Class C felony;[3] (4) Possession of Marijuana, a Class A misdemeanor;[4] (5) Resisting Law Enforcement, a Class D felony;[5] (6) Battery, a Class D felony;[6] and (7) Resisting Law Enforcement, a Class A misdemeanor.[7] A jury found appellant guilty of all the charges except Battery, a Class D felony. The trial court merged the convictions for Dealing in Cocaine as a Class B felony, Possession of Cocaine, and Possession of Marijuana, into the conviction for Dealing in Cocaine, a Class A felony. She sentenced appellant to 45 years for Dealing in Cocaine as a Class A felony, and enhanced the sentence by 30 years because the jury also found appellant to be a habitual offender. She also imposed a concurrent 18 month sentence for Resisting Law Enforcement as a Class D felony and a concurrent one year sentence for Resisting Law Enforcement as a Class A misdemeanor.

Appellant raises the following issues for our review:

1) whether the trial court erred in not granting appellant's Motion for Continuance;

2) whether the State presented sufficient evidence to convict appellant of a Class A felony; and

3) whether the trial court's sentence was improper.

On September 24, 1993, appellant sold a $20.00 piece of cocaine to a confidential informant, John McGavock, employed by the Indianapolis Police Department ("IPD"). McGavock testified that he paid for the co-

4. Ind.Code Ann. 35–48–4–11 (West 1986).

5. Ind.Code Ann. 35–44–3–3 (West Supp.1994) (Resisting Law Enforcement is Class D felony if it inflicts bodily injury).

6. Ind.Code Ann. 35–42–2–1 (West Supp.1994) (Battery is Class D felony if it causes bodily injury to law enforcement officer).

7. Ind.Code Ann. 35–44–3–3 (West Supp.1994).

caine with a "premarked" $20.00 bill.[8] Approximately 10–15 minutes later, McGavock gave the cocaine to IPD Detective Morrolf and described the cocaine seller to Morrolf. Detective Morrolf drove to the area and approached an individual, appellant, who matched the description. Upon Morrolf's approach, appellant began running and Detective Morrolf chased him while shouting, "Police, police officer, stop!" Detective Morrolf pursued appellant to the intersection of Bloyd and Hillside streets where appellant began emptying his pockets of small bags of a light-colored substance.

Detective Morrolf and Officer Quigley finally caught appellant in a nearby grassy area, where appellant fought with them until they got him under control. During this struggle, appellant bit Detective Morrolf's finger. Appellant finally stopped struggling when a police dog arrived and ripped off his trousers. At that time, Detective Morrolf returned to the corner where appellant had emptied his pockets and retrieved 16 bags of an off-white substance later determined to be 3.1793 grams of cocaine. Appellant also had 0.93 grams of marijuana at the time.

## I

Appellant claims that the trial court erred in denying his Motion for a Continuance.

After several lawyers withdrew representation because appellant was uncooperative, appellant's trial counsel entered their appearance on July 8, 1994. Appellant's trial was scheduled to begin on July 14. Counsel filed an Emergency Motion for Continuance on July 12, which the court granted on July 13. The trial was scheduled to begin on August 11. On August 10, counsel filed a Renewed Motion for Continuance of Jury Trial. Counsel argued that they had not had sufficient time to confer with their client and, given the seriousness of the charge, needed more time in order to provide adequate representation. The trial court denied the second Motion for Continuance on August 10.

The Indiana Trial Rules provide, in relevant part, that "[u]pon motion, trial *may* be postponed or continued in the discretion of the court, and *shall* be allowed upon a showing of good cause established by affidavit or other evidence." Ind.Trial Rule 53.5. The standard for review for a trial court's denial of a Motion for Continuance is well established. When a defendant's motion for continuance is made due to the absence of material evidence, absence of a material witness, or illness of the defendant, and the specially enumerated statutory criteria are satisfied, then the defendant is entitled to the continuance as a matter of right. *Vaughn v. State* (1992), Ind., 590 N.E.2d 134, 135; *see* Ind.Code Ann. § 35–36–7–1 (West 1986). When a motion for continuance does not meet the specially enumerated requirements, the trial court's decision is given substantial deference and is reviewable only for abuse of discretion. *Id.* at 136. It is important to emphasize, however, that there is always a strong presumption that the trial court properly exercised its discretion. A continuance sought on non-statutory grounds is within the discretion of the trial court and we will not disturb the trial court's decision absent a clear demonstration of an abuse of that discretion. *Parr v. State* (1987), Ind., 504 N.E.2d 1014. Appellant alleged a lack of sufficient preparation time in his Motion for Continuance of August 10. This leaves the granting of a continuance to the discretion of the trial court. *See Flowers v. State,* 654 N.E.2d 1124.

In appellant's case, counsel had more than a month to prepare for trial. There were multiple charges, but none of them was particularly complex. This contrasts sharply with a case like *Flowers,* where a defendant requested a delay of less than 24 hours in order to obtain expert testimony on the subject of genetic testing. *Flowers,* 654 N.E.2d at 1125. In this case, the trial court granted a continuance when there clearly had not been sufficient time for defense counsel to prepare for trial. When appellant's counsel requested yet an additional continuance, the

---

**8.** "Pre-marked" indicates that the police have recorded the serial number and made a photo- copy of the bill.

trial court acted well within its discretionary authority in denying the request.

## II

Appellant claims that the State did not offer sufficient evidence to prove that he was guilty of Dealing in Cocaine, a Class A felony.

In this case appellant sold cocaine to an undercover informant. He fled the location and police officers saw him scattering small plastic bags of cocaine when he feared being captured. Additional illegal drugs were discovered on his person when he was taken into custody. The cocaine in his possession weighed 3.1793 grams. Appellant argues that the State has failed to demonstrate that he intended to deal that cocaine, so he should only be convicted of Possession of Cocaine, a Class C felony.

■ In reviewing claims of insufficient evidence we neither weigh the evidence nor resolve questions of credibility, but look only to the evidence and the reasonable inferences therefrom which support the verdict. *Hazzard v. State* (1994), Ind., 642 N.E.2d 1368, 1369. If from that perspective there was evidence of probative value from which a reasonable trier of fact could conclude that the appellant was guilty beyond a reasonable doubt, we will affirm the conviction. *Id.*

■ There was sufficient evidence to convict appellant of Possession of Cocaine, a Class C felony. In addition, the jury also could have concluded from the evidence presented that since he had sold some cocaine to a police informant and had the cocaine divided into amounts appropriate for retail sale, he intended to sell the 3.1793 grams of cocaine that he possessed. The evidence was not insufficient as claimed.

## III

Appellant claims that his sentence was improper.

### A

Appellant claims that during sentencing the trial court improperly ignored the following mitigators offered by the defense: (1) appellant had no history of violence, except against police officers; (2) appellant has five children and has been supporting them; and (3) the amount of cocaine was barely enough to satisfy the three gram requirement of Indiana Code Section 35–48–4–1.

■ This Court has chosen to regulate its authority to review any sentence permitted by statute. Ind.Appellate Rule 17(B). In applying this rule we engage in a two-step procedure. First, we determine whether the sentence appears to be disproportionate, in other words, "manifestly unreasonable in light of the nature of the offense and the character of the offender." *Fointno v. State* (1986), Ind., 487 N.E.2d 140, 145. If we determine that such manifest unreasonableness may be present, we must then determine whether "no reasonable person could find such sentence appropriate to the particular offense and offender." *Id.* Only if we find such inappropriateness will we revise a sentence in order to make it reasonable. *Id.* Sentencing is normally left to the sound discretion of the trial court. *See, e.g., Fugate v. State* (1993), Ind., 608 N.E.2d 1370.

■ Appellant's sentence is substantial. Given that the presumptive sentence for Murder is only fifty (50) years, a seventy-five (75) year sentence for Dealing in Cocaine appears quite high. *See* SEA 110 (1995) (amending Ind.Code 35–50–2–3). However, appellant is a repeat offender, with a criminal record spanning more than a decade. While the trial court did impose the maximum sentence for a habitual offender convicted of Dealing in Cocaine, her liberal application of the merger doctrine and imposition of concurrent sentences still gave appellant a sentence substantially shorter than he could have received.

■ As for appellant's alleged mitigators, there exists an element of uncertainty. It is completely unclear to this Court why a history of violence against law enforcement officials, supporting one's children as required by law, or fully satisfying the requirement for the felony for which you are being sentenced, must be treated as mitigating circumstances. The first could be treated as an aggravator (as the trial court did) and the

last two are, at best, neutral. Moreover, with respect to the second "mitigator," there is no evidence in the record supporting it. We only assume a trial court failed to weigh a mitigator when that mitigator is clearly supported on the face of the record and the trial court did not discuss it. *See Page v. State* (1981), Ind., 424 N.E.2d 1021. While a lesser sentence could be seen as appropriate, on review we cannot say that this sentence is manifestly unreasonable and we will not revise it.

**B**

Finally, appellant alleges that the use of his prior offenses to both enhance his sentence for the current conviction and support an additional charge as an habitual offender violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. That clause states that no person shall "be subject for the same offense to be twice put in jeopardy...." U.S. Const. Amdt. V.

 The Double Jeopardy Clause prohibits: (1) reprosecution for the same offense after an acquittal; (2) reprosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. Appellant does not explain which of these prohibitions is implicated, but his argument indicates that it is the bar against multiple punishments for the same offense.

Appellant claims that the trial court enhanced his sentence by twenty years based upon his fourteen year criminal history, which included a conviction for battery against a police officer and a resisting law enforcement conviction. The trial court then imposed an additional thirty year enhancement based upon appellant's status as an habitual offender, relying on three unrelated felony convictions, including a battery committed against a police officer. Appellant claims that this means that he was punished twice for the same offense.

Appellant's argument is not in accord with the Double Jeopardy Clause. If an enhancement for a prior conviction is a punishment, then any enhancement runs afoul of the Clause. These enhancements are not punishments; they are merely tools enabling a trial court to impose an appropriate sentence for the *current* conviction. This Court has already held that the consideration of past convictions as relevant episodes in the defendant's personal background, which as a whole ends up constituting an aggravator of the basic sentence, and the use of felonies from that background to support an habitual offender enhancement does not violate the Clause. *Ross v. State* (1980), 274 Ind. 588, 596–97, 413 N.E.2d 252, 257–258. If the enhancements were in any way punishment for the prior unrelated felonies, then even a single enhancement would obviously violate the prohibition against successive punishments for the same crime. Appellant's rights were, therefore, not violated by this sentence.

**Conclusion**

Accordingly, the convictions and sentences are affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.