**Jaime A. HERRERA, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Petitioner Below).**

**No. 45S00–9607–CR–476.**

Supreme Court of Indiana.

May 14, 1997.

---

Jeff Schlesinger, Crown Point, for Appellant.

Jeffrey Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Jaime A. Herrera was tried by a jury and convicted of murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1996). The trial court sentenced him to fifty-five years pursuant to Ind.Code Ann. § 35–50–2–3.[1]

Appellant presents three issues in this direct appeal:

1) Whether the trial court erred by excluding defense witnesses and by denying Herrera a continuance;

2) Whether Herrera received ineffective assistance of counsel; and

3) Whether the trial court properly considered mitigating factors before imposing sentence.

---

1. At the time Herrera committed the crime, the presumptive sentence for murder was forty years. The statute was amended on May 5, 1995,

## I. Facts

The evidence reveals that appellant dated Laura Sowles, the wife of the decedent, Joseph Sowles. On June 24, 1994, Herrera and his friend John Paul Neal met Joseph Sowles in a parking lot in Hammond. The three men decided to purchase alcohol at a nearby store. Herrera rode with Sowles in Sowles' car while Neal followed in Herrera's automobile. According to Neal's testimony, they drove down an alley, where Herrera shot Sowles five times in the head. Herrera then exited Sowles' auto and transferred to the passenger side of his own, which Neal continued to drive. Neal had difficulty operating Herrera's car, so he stopped the vehicle and the two switched places. They drove away from the scene. The State produced three witnesses (besides Neal) who viewed Herrera's participation in the crime or heard him tell about committing it.

## II. Alibi Witnesses

■ Appellant contends the trial court erred in granting the State's motion to strike the alibi testimony of ten witnesses. In the alternative, he contends the court abused its discretion by not granting a continuance.

On April 11, 1995, appellant filed a notice of intention to offer alibi evidence. On January 31, 1996, five days before trial, appellant supplemented his discovery by listing ten additional alibi witnesses. The parties scheduled a deposition conference for the next day; it was cancelled when defense counsel informed the prosecutor he did not intend to depose John Paul Neal. The State then moved to strike the alibi witnesses. The court heard the motion on February 2, 1996. The judge questioned defense counsel about why he presented the list of alibi witnesses so close to trial when the alibi notice had been on file since April 11, 1995:

> COURT: But you're just now discovering witnesses in a year old alibi case.
>
> COUNSEL: Yes, that we could not have, that were not available to us before and—
>
> COURT: And why is that?
>
> COUNSEL: And do the best—

to prescribe a presumptive sentence of fifty-five years. Pub.L. No. 148–1995 Ind. Acts 3069.

COURT: Why is that?

COUNSEL: Trying to find out people who were at a party that was in Chicago and that search has been on-going and it really intensified, frankly, last week when the negotiations fell through.

(S.R. at 8). Ruling on the State's motion, the trial judge said the witnesses would not be "permitted to testify ... unless and until you bring those witnesses in for the state to depose." (Supp.R. at 5). The court also denied defense counsel's oral request for a continuance to schedule depositions of the additional witnesses. Still, two of the ten listed alibi witnesses testified at trial.[2]

■ A trial court considering a motion to exclude witnesses must proceed with considerable caution. *Wiseheart v. State*, 491 N.E.2d 985 (Ind.1986).[3] Appellant has not preserved this issue for appeal, however, because he did not make an offer of proof about the nature of the testimony of the alibi witnesses. *Id.* at 991. The offer of proof is required so that the trial and appellate court can determine the admissibility of the testimony and the potential for prejudice if the evidence is excluded. *Id.*

■ As for the defense request for a continuance, the granting of a continuance upon non-statutory grounds is within the discretion of the court. Ind. Trial Rule 53.5. To win reversal on appeal, a party must demonstrate "a clear demonstration of an abuse of that discretion." *Elmore v. State*, 657 N.E.2d 1216, 1218 (Ind.1995).

In *Elmore*, after several lawyers withdrew representation, Elmore's trial counsel entered his initial appearance less than a week before trial was to begin. The trial court granted a continuance that postponed the trial one month. Counsel requested another continuance, asserting he had not had sufficient time to confer with the client and that, given the seriousness of the charge, more time was required to provide adequate representation. *Id.* at 1218. We held that the trial court "acted well within its discretionary authority in denying the request." *Id.* at 1219.

The same can be said in this case. The evidence shows that the defendant had ample time to prepare his defense, which included the presentation of alibi witnesses. The fact that the search for the alibi witnesses "intensified" only a few weeks before trial does not suggest abuse by the trial judge. Obviously, counsel managed to present several of the alibi witnesses under the terms of the trial court's ruling and the alibi was indeed placed before the jury.

### III. Ineffective Assistance of Counsel

Appellant claims that he received ineffective assistance of counsel because (1) counsel did not file a supplemental list of witnesses until five days before trial and did not produce the witnesses for deposition; (2) counsel failed to depose Neal, the State's key witness, who was with Herrera on the night of the crime; and (3) counsel failed to comply with proper procedures for requesting a continuance.

■ We test claims of ineffective assistance of counsel using the two-part test set forth in *Strickland v. Washington*, 466 U.S.

---

2. Herrera's defense consisted of three witnesses, two who were on the additional witness list, and a third witness who also gave alibi testimony.

3. The kind of questions that a court should consider in such inquiry includes, but is not limited to:

(1) Whether the nature of the defendant's violation was trivial or substantial. The trial court must consider when the witness first became known to defense counsel.

(2) How vital the potential witness' testimony is to the defendant's case. The trial court should determine the significance of the proffered testimony to the defense. Is the testimony relevant and material to the defense or merely cumulative?

(3) The nature of the prejudice to the State. Does the violation have a deleterious impact on the case prepared by the State?

(4) Whether less stringent sanctions are appropriate and effective to protect the interest of both the defendant and the State?

(5) Whether the State will be unduly surprised and prejudiced by the inclusion of the witness' testimony despite the available and reasonable alternative sanctions (e.g., a recess or a continuance) which can mitigate prejudice to the State by permitting the State to interview the witnesses and conduct further investigation, if necessary.

*Id.* at 991.

668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed on such a claim, appellant must show "that counsel's performance fell below an objective standard of reasonableness and that said deficient performance so prejudiced defendant as to deprive him of a fair trial." *Butler v. State,* 658 N.E.2d 72, 78 (Ind.1995) (citations omitted). The defendant must overcome the presumption that counsel's performance did not fall below an objective standard of reasonableness. *Butler,* 658 N.E.2d at 78. Isolated mistakes, poor strategy, or bad tactics do not necessarily amount to ineffective assistance of counsel. *Wooden v. State,* 657 N.E.2d 109 (Ind.1995).

■ We do not agree with Herrera that counsel's failure to file a list of supplemental witnesses until five days before trial constituted ineffective assistance. Herrera has not shown that the list of alibi witnesses could have been produced earlier. Furthermore, Herrera failed to demonstrate that he suffered prejudice from the exclusion of these witnesses. After all, several witnesses did testify about his alibi.

■ Neither can we agree with appellant's contention that the failure to depose John Paul Neal denied him effective assistance of counsel. The mere fact that trial counsel did not depose witnesses does not in and of itself demonstrate ineffective assistance of counsel. *Tidmore v. State,* 637 N.E.2d 1290 (Ind.1994). Although it is true that Neal was the State's key witness, Herrera provides little to suggest that trial counsel was unable to cross-examine or impeach Neal effectively because he did not depose him. In fact, the record shows that counsel had a copy of Neal's statement to the police. Herrera points to no specific instance where counsel might have done better had he deposed the witness.

■ Finally, appellant cites trial counsel's failure to follow Ind.Code § 35–36–7–1 in filing for a continuance. Specifically, appellant argues that counsel's performance fell below an objective standard of reasonableness because he did not file the required affidavit stating the facts to which counsel believed the witnesses would testify. Counsel on appeal has likewise not indicated what

facts these witnesses could have provided. It seems likely they would have offered cumulative evidence about Herrera's attendance at a party in Chicago. This supposition is not enough to warrant reversal.

## IV. Sentencing

Appellant contends he was improperly sentenced because the trial court failed to consider mitigating circumstances. Specifically, Herrera claims the trial judge failed to identify and consider as mitigating factors (1) his age (twenty-one years old at the time of the sentencing); (2)that the crime was committed under circumstances unlikely to recur; and (3) that he expressed remorse for the victim and his family.

■ A trial court has discretion in determining whether to increase or decrease a sentence because of aggravating or mitigating factors. The trial court exercises its discretion by weighing the evidence about the offense and the offender, and it may find that no mitigating circumstances exist at all. *Widener v. State,* 659 N.E.2d 529, 533 (Ind. 1995). A sentencing judge does not have to explain why he or she did not find mitigating circumstances, and a judge need not afford the same weight to mitigating evidence as the defendant suggests. *Hammons v. State,* 493 N.E.2d 1250 (Ind.1986).

■ The trial court did not err. The record clearly shows that the court considered Herrera's age. The judge was made aware of appellant's age, but as the State notes, appellant's youth does not require a finding of a mitigating factor. *Meriweather v. State,* 659 N.E.2d 133 (Ind.Ct.App.1995) *trans. denied.*

■ Second, it was well within the trial court's discretion to reject appellant's argument that crime occurred under circumstances unlikely to recur because he "shot the victim due to the love for the victim's wife and at her urging." The record shows, after all, that Herrera was a recidivist. (R. at 548).

■ Finally, the trial court was not required to find Herrera's expressed remorse at the sentencing hearing a mitigating factor.

Although Herrera expressed remorse, the trial court may have doubted his credibility in light of the fact that he stood charged under another cause number with conspiracy to murder three of the witnesses in this case.

## V. Conclusion

We affirm the decision of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.