**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**TERI A. FLORY**
Flory and Smith, Attorneys at Law
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 21 2013, 9:36 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARTURO FUENTES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1208-CR-698 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1105-FA-10

**March 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Arturo Fuentes appeals his sentence following his convictions for dealing in cocaine, as a Class A felony, and possession of cocaine, as a Class C felony, pursuant to a guilty plea. Fuentes presents two issues for our review:

1.      Whether the trial court abused its discretion when it sentenced him.

2.      Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 20, 2011, Fuentes' wife, Sarah, found what she believed to be cocaine among Fuentes' personal belongings in their home in Lafayette. Accordingly, Sarah telephoned the Lafayette Police Department to report the suspected drugs. When officers arrived at the Fuentes home, Fuentes was not there, but Sarah gave them consent to search the premises. Officers found several baggies of cocaine with an aggregate weight of 434 grams; two handguns; a set of scales; and a large sum of cash. Officers subsequently arrested Fuentes and found a baggie containing eleven grams of cocaine in his mouth and a second baggie of cocaine in the center console of the vehicle he had been driving.

The State charged Fuentes with dealing in cocaine, as a Class A felony, and possession of cocaine, as a Class C felony. On March 13, 2012, Fuentes pleaded guilty as charged without a plea agreement. At sentencing, the trial court identified the following aggravating circumstances: Fuentes' criminal history, including four petitions to revoke probation and another pending petition; that he was placed in segregation while

2

incarcerated due to a rule violation; that a child was present in the house at the time of the offenses; that guns were present in the house; that he used aliases; and that he has a history of substance abuse. And the trial court identified the following mitigating circumstances: his guilty plea without the benefit of a plea agreement; his work history; and his incarceration could be a hardship on his dependents. The trial court found that the aggravators outweighed the mitigators and imposed sentence as follows: thirty-two years for dealing in cocaine, as a Class A felony, and six years for possession of cocaine, as a Class C felony. The trial court ordered the sentences to run concurrently, for an aggregate sentence of thirty-two years executed. This appeal ensued.

**DISCUSSION AND DECISION**

**Issue One: Abuse of Discretion**

Fuentes first contends that the trial court abused its discretion when it sentenced him because the trial court ignored two proffered mitigators, namely, his show of remorse and the fact that he was sexually abused as a child. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are

3

clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .

[However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Fuentes first contends that the trial court abused its discretion when it did not identify his remorse as a mitigating circumstance. In support of that contention, Fuentes directs us to two letters he wrote to the trial court to express "his deep remorse for his actions[.]" Brief of Appellant at 9. At sentencing, the trial court acknowledged having reviewed "three or four letters" written by Fuentes, but the court declined to identify his remorse as a mitigator. Sentencing transcript at 27. The trial court was not required to find Fuentes' remorse to be a mitigator, and we will not second-guess the trial court's assessment of Fuentes' credibility on this issue. See Herrera v. State, 679 N.E.2d 1322, 1326-27 (Ind. 1997).

Next, Fuentes maintains that the trial court abused its discretion when it did not identify his sexual abuse as a child as a mitigator. Our supreme court has acknowledged that "evidence about the defendant's background and character is relevant because of the belief, long held by this society, that defendants who commit criminal acts that are attributable to a disadvantaged background, or to emotional and mental problems, may be less culpable than defendants who have no such excuse." Coleman v. State, 741 N.E.2d 697, 701 (Ind. 2000). Still, the court has "consistently held that evidence of a difficult childhood warrants little, if any, mitigating weight." Id. at 700. Here, the trial court

4

acknowledged having read the psychological and substance abuse evaluation of Fuentes prepared by Dr. Jeffrey Wendt, which included information regarding Fuentes' childhood abuse. And the trial court recommended that Fuentes receive mental health treatment while incarcerated. Fuentes has not demonstrated that the trial court abused its discretion when it did not identify this proffered mitigator.

## Issue Two: Inappropriate Sentence

Finally, Fuentes contends that his sentence is inappropriate in light of the nature of the offenses and his character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution "authorize [ ] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

The Indiana Supreme Court more recently stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable

deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Fuentes does not present cogent argument to show that his sentence is inappropriate in light of the nature of the offenses. Indeed, we cannot say that his sentence is inappropriate in light of the fact that officers found more than 400 grams of cocaine and two handguns in Fuentes' home, where he lived with his young son.

Fuentes contends that his sentence is inappropriate in light of his character. In support of that contention, Fuentes points out that: he used cocaine "to try to forget the horrible abuse he suffered as a child"; he has been steadily employed and has supported his family; he did not have the benefit of a plea agreement; his criminal history includes only misdemeanors; and he was denied treatment for his mental health issues prior to incarceration. Brief of Appellant at 11. But, as the State points out, Fuentes, who was twenty-seven at the time of sentencing, has accrued ten misdemeanor convictions since the age of sixteen. And, as the trial court observed, Fuentes has had four prior petitions to revoke probation and had one pending petition at the time of sentencing. Thus, Fuentes has not demonstrated any inclination or ability to lead a law-abiding life. Finally, Fuentes does not direct us to any evidence that he had previously attempted to

6

get treatment for his substance abuse or underlying psychological problems. And his substance abuse does not explain why he chose to deal in cocaine, rather than just use it. We cannot say that Fuentes' thirty-two year sentence is inappropriate in light of his character.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.