## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2019, 11:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Price
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Patience Hall,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 30, 2019

Court of Appeals Case No.
19A-CR-1514

Appeal from the Marion Superior Court

The Honorable Elizabeth Christ, Judge

The Honorable Ronnie Huerta, Magistrate

Trial Court Cause No.
49G24-1808-F6-026837

**Pyle, Judge.**

# Statement of the Case

Patience Hall ("Hall") appeals, following a bench trial, her conviction for Level 6 felony possession of cocaine.[1] Hall argues that the trial court abused its discretion by denying her oral motion, made on the day of trial, to continue the bench trial. Concluding that there was no abuse of discretion, we affirm Hall's conviction.

We affirm.

# Issue

Whether the trial court abused its discretion by denying Hall's oral motion to continue the bench trial.

# Facts

Around 3:00 a.m. on August 12, 2018, Hall asked a guy from the neighborhood, Keith Woodruff ("Woodruff"), to take her to Cedric Barnes' ("Barnes") house. Woodruff, with Hall in the front passenger seat, drove to Barnes' house on 30th Street in Marion County. When Woodruff pulled up to the curb, he "imped[ed] the flow of traffic on the eastbound lane of 30th Street" prompting Indianapolis Metropolitan Police Department Officer Abdessamed Boudaia ("Officer Boudaia") to initiate a traffic stop. (Tr. Vol. 2 at 7). Officer Boudaia got identification from Hall and Woodruff, and he discovered that

---

[1] IND. CODE § 35-48-4-6.

Hall had an outstanding warrant. Officer Boudaia approached the passenger side of the car, had Hall step out of the car, removed the purse that she had on her shoulder, and placed her in handcuffs. As part of a search incident to arrest, Officer Boudaia searched Hall's purse and discovered 0.17 grams of cocaine. Woodruff, who had a valid license and no warrants, was released from the scene.

[4] On August 15, 2018, the State charged Hall with Level 6 felony possession of cocaine. The following day, the trial court appointed counsel for Hall and that counsel represented Hall throughout the proceeding. Thereafter, Hall posted and was released on bond. During the ten months leading up to the trial, the trial court held eight pretrial conferences. Hall failed to appear for the fourth and fifth conferences, and the trial court issued a warrant for her arrest after each failure to appear.

[5] The trial court held a bench trial on June 4, 2019. Prior to commencing the trial, the trial court asked Hall if she was ready for trial. Hall's counsel initially responded, "Yes, Judge." (Tr. Vol. 2 at 4). However, after the State had confirmed that it was ready to proceed with the bench trial, Hall's counsel stated that Hall was not actually ready. Hall's counsel indicated that Hall had sent counsel "a few emails over the weekend and informed [counsel] of the first and last name of a witness" who Hall thought "might come testify[.]" (Tr. Vol. 2 at 4). Hall's counsel stated that Hall had not given counsel an address, so counsel had "not filed anything in advance." (Tr. Vol. 2 at 4). The trial court treated counsel's statement as a request to continue the bench trial and denied

Hall's continuance request. Hall then asked the trial judge, "I don't get to call .

. . any witnesses for me?" (Tr. Vol. 2 at 4). The trial court responded:

> No ma'am, no. Today is the date of your trial. The State is
> ready. Everybody is here ready to proceed. You have had plenty
> of time to let your attorney know. You didn't file anything in
> time. You are not going to get to call that witness for this trial,
> sorry.

(Tr. Vol. 2 at 4-5). Hall's counsel told the trial court that they were ready, and

the trial court commenced the bench trial.

[6] The State presented testimony from Officer Boudaia, who testified about

conducting the traffic stop and then arresting Hall for an outstanding warrant.

Officer Boudaia specifically testified that when he had Hall step out of the car

to arrest her, she had a purse on her shoulder. A search of the purse incident to

arrest revealed that there was 0.17 grams of cocaine in this purse.

[7] Here, Hall testified on her own behalf, and her defense was that the purse

containing the drugs did not belong to her. Hall testified that she "had no purse

on [her]" and that she "didn't have no drugs this time." (Tr. Vol. 2 at 33). She

also testified that she did not own a purse and had never owned a purse. As for

Hall's explanation regarding how Officer Boudaia had gotten the purse, she

testified that Woodruff, upon his release from the scene, had driven down the

street, put his car in reverse, backed up, and then handed a purse to the officer.

Hall also told the trial court that she had been arrested over thirty times and

that she had never had a purse when she had been arrested. Hall indicated, not

in response to a question, that she had Barnes' address in her phone and that

Barnes "could have been a witness if [she] would have know that [she] . . . was able to have witnesses." (Tr. Vol. 2 at 25). Hall stated that Barnes had been "outside on his porch" and had "witnessed everything that [had] happened." (Tr. Vol. 2 at 25). She added that she did not know about the ability to have witnesses because she was "not an attorney[.]" (Tr. Vol. 2 at 25).

[8] After Hall had completed her testimony, she asked the trial court, "Why can't I have witnesses?" (Tr. Vol. 2 at 34). The trial court responded, "Ma'am, you just told the Court that you were arrested several times and now you are telling me that you don't know anything about how the process works?" (Tr. Vol. 2 at 34). Hall then replied, "I've always signed a plea for possession of cocaine or whatever so I c[ould] get out of jail so I could go get high." (Tr. Vol. 2 at 34). The trial court, apparently treating Hall's question about witnesses as a renewed request for a continuance, denied Hall's request to continue the trial.

[9] The State then called Officer Boudaia for rebuttal testimony. Officer Boudaia confirmed that Hall had had the purse on her shoulder when she got out of the car. The trial court found Hall guilty as charged, noting that it had found Officer Boudaia's testimony to be "most credible." (Tr. Vol. 2 at 46). The trial court imposed a sentence of 730 days with forty (40) days executed and 690 days suspended. Hall now appeals.

# Decision

[10] Hall argues that the trial court abused its discretion by denying her oral motion to continue the bench trial.

Our standard of review for reviewing a trial court's ruling on a motion to continue is well settled:

> The Indiana Trial Rules provide, in relevant part, that "[u]pon motion, trial *may* be postponed or continued in the discretion of the court, and *shall* be allowed upon a showing of good cause established by affidavit or other evidence." Ind.Trial Rule 53.5. The standard for review for a trial court's denial of a Motion for Continuance is well established. When a defendant's motion for continuance is made due to the absence of material evidence, absence of a material witness, or illness of the defendant, and the specially enumerated statutory criteria are satisfied, then the defendant is entitled to the continuance as a matter of right. [*S*]*ee* [I.C.] § 35-36-7-1. . . . When a motion for continuance does not meet the specially enumerated requirements, the trial court's decision is given substantial deference and is reviewable only for abuse of discretion. It is important to emphasize, however, that there is always a strong presumption that the trial court properly exercised its discretion. A continuance sought on non-statutory grounds is within the discretion of the trial court and we will not disturb the trial court's decision absent a clear demonstration of an abuse of that discretion.

*Elmore v. State*, 657 N.E.2d 1216, 1218 (Ind. 1995) (emphasis in original; internal case citations omitted).

On the day of the bench trial, Hall's counsel told the trial court that Hall was not ready to proceed because Hall had sent counsel "a few emails over the weekend and informed [counsel] of the first and last name of a witness" who Hall thought "might come testify[.]" (Tr. Vol. 2 at 4). Hall's counsel acknowledged that she had "not filed anything in advance" because Hall had

not given counsel the potential witness's address. (Tr. Vol. 2 at 4). Counsel did not provide the trial court with the name of the potential witness nor any details about the witness's potential testimony. The trial court denied Hall's oral continuance request, noting that Hall had had "plenty of time" to inform her counsel of any witnesses. (Tr. Vol. 2 at 4).

[13] On appeal, Hall does not argue that she was entitled to a continuance as a matter of right, and she contends that her continuance motion was not based on statutory grounds (i.e., absence of a witness or evidence). Instead, she asserts that her continuance motion was based on non-statutory grounds. Accordingly, we will review the trial court's denial of Hall's oral continuance motion for an abuse of discretion. *See Elmore*, 657 N.E.2d at 1218; *see also Arhelger v. State*, 714 N.E.2d 659, 667 (Ind. Ct. App. 1999) (explaining that when a motion to continue is made on non-statutory grounds or the motion fails to meet the statutory criteria, the decision to grant or deny the motion is within the discretion of the trial court). "We will not disturb the trial court's decision absent a clear demonstration of abuse of discretion resulting in prejudice." *Blackburn v. State*, 130 N.E.3d 1207, 1211 (Ind. Ct. App. 2019). "Whether the trial court properly exercised its authority includes a review of whether the competing interests of the parties were properly evaluated and compared, and if not, whether prejudice to the movant from maintaining the schedule of events occurred." *Id.* (internal quotation marks and citation omitted).

[14] Hall has failed to show that she was prejudiced by the trial court's denial of her oral motion to continue the bench trial. Neither at trial nor on appeal, has Hall

shown the content of her potential witness's testimony. At trial, when Hall's counsel initially moved for the continuance, she offered no specific information about the potential witness other than that Hall had thought that the unnamed witness "might come testify[.]" (Tr. Vol. 2 at 4). Additionally, during Hall's testimony, when she had identified Barnes by name, she merely stated that Barnes had "witnessed everything that [had] happened." (Tr. Vol. 2 at 25). There was no indication that Hall had subpoenaed Barnes or that Hall or her counsel had even spoken to him about being a witness. Additionally, the record reveals that Hall had had the same counsel during the ten-month pendency of her case and that she had had numerous pretrial conferences. As the trial court noted, Hall had had "plenty of time" to let her counsel know about potential witnesses, but she failed to do so. (Tr. Vol. 2 at 4). Furthermore, Hall testified on her own behalf and presented her defense that she did not have a purse at the time of her arrest. While Hall seems to suggest that Barnes' testimony would have corroborated her testimony, "there's no real way to know that it would have." *See Blackburn*, 130 N.E.3d at 1211. Nevertheless, Hall was able to present her defense to the trial court for its consideration. Because Hall has failed to show prejudice and the parties' competing interests were evaluated by the trial court, we affirm the trial court's denial of Hall's oral motion to continue the bench trial. *See, e.g.*, *id.* (affirming the trial court's denial of a defendant's motion to continue based on the absence of an alibi witness where the defendant had failed to show prejudice and the

claimed substance of the witness's testimony had reached the jury through the defendant's testimony).[2]

Affirmed.

May, J., and Crone, J., concur.

---

[2] We note that Hall attempts to expand her motion-to-continue argument into an exclusion-of-evidence argument, suggesting that the trial court abused its discretion by excluding her defense witness and violated her Sixth Amendment right to present a witness. To support her argument, she compares her case to *Barber v. State*, 911 N.E.2d 641, 646 (Ind. Ct. App. 2009). In addition to the facts of her case being distinguishable from *Barber*, Hall did not raise any constitutional or exclusion of evidence arguments to the trial court and has, therefore, waived any such arguments on appeal. *See Flowers v. State*, 738 N.E.2d 1051, 1056 (Ind. 2000) (explaining that an appellant may not make an argument on appeal that was not raised before the trial court), *reh'g denied*. Moreover, Hall has waived any evidentiary argument by failing to make an offer of proof in relation to her potential witness's testimony. *See Wiseheart v. State*, 491 N.E.2d 985, 991 (Ind. 1986) (explaining that "[w]hen a defendant does not make an offer of proof, [s]he has not adequately preserved the exclusion of witness' testimony as an issue for appellate review"). Waiver notwithstanding, while a defendant has the fundamental right to present witnesses in his or her own defense, this right is not absolute. *Tolliver v. State*, 922 N.E.2d 1272, 1282 (Ind. Ct. App. 2010), *trans. denied*. Indeed, when exercising this right, a defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* (internal quotation marks and citations omitted). Here, Indiana Trial Rule 53.5, the trial rule pertaining to continuances, requires the party moving for the continue to make "a showing of good cause [for the continuance] established by affidavit or other evidence. . . ." Aside from failing to file an affidavit, Hall did not provide any evidence regarding her potential witness that would provide good cause for the continuance.