**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**MARIO GARCIA**
**CHRISTOPHER H. WEINTRAUT**
Brattain & Minnix
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN LATTA, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No. 12A04-1212-CR-618 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON CIRCUIT COURT
The Honorable Linley E. Pearson, Judge
Cause No. 12C01-1110-FB-265

**August 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

A jury found John Latta guilty of one count of burglary and five counts of theft and acquitted him of four counts of burglary. Latta now appeals, claiming that there was insufficient evidence to convict him and that fundamental error occurred because the burglary victim was married to a judge newly elected to the same court where the trial took place. We affirm.

## Facts and Procedural History

The facts most favorable to the verdict are as follows. On October 20, 2011, Keily Mohler was on the second floor of her home.[1] She heard noises and conversation coming from the garage below. She did not investigate the noise until she heard a door slam and then saw a blue SUV pull away. She discovered broken glass in her garage and one of her car's doors open. Mohler discovered that a purse was missing from her car and called the police. Shortly after, a sheriff's deputy pulled over a vehicle matching the description provided by Mohler. The vehicle was driven by Latta, who falsely identified himself as Joshua Manuel. Manuel's license was suspended, and Latta was consequently arrested for driving on a suspended license.

After being arrested, Latta admitted to falsely identifying himself. Mohler's purse was found in plain view in the rear of the vehicle, and a bag containing jewelry was found under the front passenger seat. Latta stated that he and Donald Dilk, who was accompanying Latta

---

[1] Indiana Appellate Rule 46(A)(6) states in pertinent part that an appellant's statement of facts shall be in narrative form and in accordance with the standard of review appropriate to the judgment being appealed. Latta's counsel states the facts as a numbered list and not in accordance with the standard of review.

as a passenger, had gotten lost on their way to a home improvement store and had stopped at the Mohler residence to ask for directions. Latta stated that it was Dilk who entered the residence, presumably to ask for directions, and that when Dilk returned to the vehicle, he opened the back hatch of the SUV and closed it. According to Latta, he could not see that Dilk had placed Mohler's purse in the back of the SUV and did not ask why Dilk had opened and closed the back hatch of the SUV.

The bag of jewelry contained several items that had been missing as a result of four other break-ins reported in Clinton County over the previous three days. Based on this, Dilk was also arrested. A search of Dilk's residence recovered several more items reported as stolen by victims of the recent break-ins. These items included jewelry, computers and televisions, credit cards, and more. One of the credit cards had been used at a clothing store on October 19, when Dilk purchased an outfit for Latta.

Latta had been staying at Dilk's residence for approximately four days, between October 17 and 20, 2011. Latta claimed that he was unaware of the break-ins or any of the additional items stored at Dilk's residence. After the arrests, deputies discovered that both Latta and Dilk had visited a pawn shop in Indianapolis on October 17, 18 and 19 of 2011, and had sold jewelry items. Latta signed one of the pawn shop receipts because Dilk did not have proper identification.

The State charged Latta with numerous counts, including five counts of class B felony burglary and five counts of class D felony theft. On October 25, 2012, a jury found Latta guilty of one count of burglary as related to the Mohler residence and all five counts of theft.

3

The trial court merged one theft conviction with the burglary conviction as it related to Mohler's purse. Latta was acquitted of the four other burglary counts.

Latta now appeals. We will state additional facts in our discussion where necessary.

**Discussion and Decision**

*I. Sufficiency of Evidence*

Latta challenges the sufficiency of the evidence to sustain his convictions. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the jury's verdict. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.*

To convict a defendant of class B felony burglary, in this case burglarizing a residential dwelling, the State must prove that the defendant entered a dwelling with the intent to commit a felony in it. Ind. Code § 35-43-2-1(1)(B)(i). To convict a defendant of theft as a class D felony, the State must prove that a defendant knowingly or intentionally exerted "unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use …." Ind. Code § 35-43-4-2. However, the State

4

prosecuted Latta on a theory of accomplice liability, and thus did not have to prove every element of these crimes. *Bruno v. State*, 774 N.E.2d 880, 882 (Ind. 2002). Indiana Code Section 35-41-2-4 states, "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense …." "While mere presence at the scene of the crime is insufficient to establish accomplice liability, presence may be considered along with the defendant's relation to the one engaged in the crime and the defendant's actions before, during, and after the commission of the crime." *Green v. State*, 937 N.E.2d 923, 927 (Ind. Ct. App. 2010) (citing *Alvies v. State,* 905 N.E.2d 57, 61 (Ind. Ct. App. 2009)), *trans. denied* (2011); *see also Hyche v. State*, 934 N.E.2d 1176, 1180 (Ind. Ct. App. 2010) (noting that defendant's failure to oppose the commission of a crime may also be considered in determining accomplice liability), *trans. denied* (2011).

Here, a series of burglaries in Clinton County occurred between October 17 and 20, 2011, when Latta and Dilk were sharing a residence. Appellant's App. at 160-61. During this period, Latta and Dilk also visited an Indianapolis pawn shop. Latta signed receipts for Dilk when transacting with the shop. Dilk used a stolen credit card to purchase clothing for Latta while Latta knew that the card most likely was stolen. Latta's presence at the Mohler residence and his driving the vehicle, the purse in plain sight in the rear of the vehicle, his relationship with Dilk, his actions before and during the crime, and his failure to oppose the crime are ample evidence to sustain the burglary conviction. When deputies pulled Latta over after the Mohler burglary, they noticed a bag of jewelry with items from previous break-ins in the vehicle. Additionally, Latta admitted to moving large trash bags containing stolen

5

property at Dilk's residence. Latta also accompanied Dilk when they sold some items to the pawn shop. Finally, we note that Latta provided a false name to the deputy who pulled him over. This evidence is sufficient to support the theft convictions.

Latta conveniently claims ignorance of all of Dilk's activities and intentions, including situations where he was physically present, such as the Mohler residence, pawn shop, and Dilk's residence. The crux of Latta's argument is an invitation for us to assess witness credibility, especially his own, and reweigh the evidence, which we may not do.

## II. Fundamental Error

At trial, the prosecutor began questioning Mohler as follows:

Q.     Mrs. Mohler would you introduce yourself to the jury please?

A.     My name is Keily Mohler and I … [am] married to Brad Mohler.

Q.     And Brad practices law.

A.     Yes, he does.

Q.     In fact, he's about to be the judge of this court.

A.     Yes.

Q.     In fact, in a few months. And is it the case you live at [address]?

A.     Yes, that is correct.

Q.     And would you tell the jury what that house looks like?

Tr. at 27.

Latta claims that when the prosecutor told the jury that Mohler was married to the judge who would soon take over judicial duties in the courtroom, an appearance of unfairness

6

was created that constituted fundamental error. We agree with the State that Latta has waived this matter by failing to object at trial. As a general rule, the failure to object at trial results in a waiver of the issue on appeal. *Mitchell v. State,* 726 N.E.2d 1228, 1235 (Ind. 2000). We have noted that "the fundamental error doctrine is being casually invoked whenever there is a failure to timely object at trial. This is not the purpose of the fundamental error doctrine, which is extremely narrow and reserved only for the most egregious circumstances." *Hale v. State*, 976 N.E.2d 119, 121 (Ind. Ct. App. 2012). To qualify as fundamental error, "an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible." *Willey v. State,* 712 N.E.2d 434, 444-45 (Ind. 1999).

We note that the prosecutor's questions regarding Keily Mohler's husband's new position as judge were inappropriate. That Mohler's husband was about to be a judge was completely irrelevant to her testimony as a victim of Latta's crimes. It would appear that the prosecutor was attempting to bolster her credibility with information that was irrelevant and that the jury did not need to know. However, it does not rise to the level of fundamental error.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.

7