**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 16 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID J. PAYNE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1302-CR-53 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1201-FB-14

**September 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a jury trial, David Payne was convicted of five counts of dealing in cocaine, all Class B felonies, and one count of maintaining a common nuisance, a Class D felony. Payne appeals his convictions and raises the following issue for our review: whether the trial court erred when it allowed a skilled witness to offer opinion testimony regarding the tendencies of drug dealers and the significance of certain evidence found in a search of Payne's residence. Concluding that the trial court properly allowed the challenged testimony, we affirm.

## Facts and Procedural History

In January of 2012, Officer Anthony Mosier of the Hammond Police Department began an investigation of suspected drug trafficking at 5 Rimbach Street in Hammond. With the aid of a confidential informant ("CI"), Officer Mosier orchestrated four controlled buys at 5 Rimbach Street between January 5 and January 11 of 2012. The first buy occurred on January 5, at which the CI purchased 0.3 grams of cocaine for $30. During the first buy, the CI was given a phone number through which he could contact Payne; this number was used to contact Payne and arrange the three remaining buys. The second buy occurred on January 6, at which the CI bought 0.8 grams of cocaine for $50. After the second controlled buy, the CI was presented with a photo lineup and identified Payne as the person who sold him cocaine. The third buy occurred on January 9, at which the CI bought 1.1 grams of cocaine for $50. And the final controlled buy took place on January 11, at which the CI purchased 1.7 grams of cocaine for $50.[1]

---

[1] All four controlled buys occurred at 5 Rimbach Street, and Payne participated on all four occasions. The CI was searched before and after each buy and was also outfitted with electronic recording equipment.

2

On January 19, 2012, Payne was arrested, and Officer Mosier executed a search warrant on Payne's residence at 5 Rimbach Street, Apartment 2. As a result of the search, police recovered a single-edge razor, baggies, scales, crack cocaine, cash, and a credit card bearing Payne's name.[2]

The State charged Payne with five counts of dealing in cocaine, maintaining a common nuisance, and possession of marijuana. At trial, during the State's direct examination of Officer Mosier, the State asked why the amount of cocaine increased with each buy, despite a consistent price of $50. Payne objected as to speculation, but the trial court overruled his objection, stating that Officer Mosier's experience as a narcotics officer qualified him as a skilled witness who may render an opinion on drug-related information that may be outside the understanding of the jury. Officer Mosier testified that the increased amounts indicated a degree of trust that tends to build between a drug dealer and a buyer. Officer Mosier was later permitted to opine, over Payne's objection, that the razor found in the apartment could have been used to cut and package crack cocaine. Officer Mosier also gave opinion testimony, without objection, regarding the significance of cash found in a plastic bag and the presence of scales, baggies, cash, and cocaine found together in the apartment.

The jury found Payne guilty of all five counts of dealing in cocaine and of maintaining a common nuisance, and the jury found him not guilty of possession of marijuana. The trial court sentenced Payne to twelve years for each of the five counts of dealing in cocaine and two years for maintaining a common nuisance, all to be served concurrently. This appeal followed.

---

[2] The cocaine and Payne's credit card were found in the same container.

3

## Discussion and Decision

### I. Standard of Review

The admission of evidence is within the sound discretion of the trial court, and the trial court's ruling is reviewed only for an abuse of discretion. Hale v State, 976 N.E.2d 119, 123 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances. Id.

Indiana Evidence Rule 701 provides that lay witnesses may provide testimony in the form of opinions or inferences, so long as the testimony is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." This rule encompasses persons whom the courts have labeled "skilled witnesses." Kubsch v. State, 784 N.E.2d 905, 922 (Ind. 2003). A skilled witness is a person who possesses specialized knowledge short of that necessary to be declared an expert under Indiana Evidence Rule 702 but beyond that possessed by an ordinary juror. Id. However, a skilled witness's testimony is nonetheless limited by Indiana Evidence Rule 704(b), which provides that "[w]itnesses may not testify to opinions concerning intent, guilt, or innocence in a criminal case . . . ."

### II. Officer Mosier's Opinion Testimony

Payne argues on appeal that the trial court abused its discretion by allowing Officer Mosier to testify, as a skilled witness, to several opinions about the circumstances of the case and evidence discovered during the search of Payne's apartment. Payne contends that certain statements made by Officer Mosier amounted to impermissible opinion testimony concerning Payne's intent, which is prohibited under Rule 704(b). Notably, Payne does not challenge the trial court's determination that Officer Mosier

4

qualified as a skilled witness for the purpose of offering opinion testimony; rather, Payne draws our attention to four specific statements made by Officer Mosier and argues that those statements improperly relay an opinion as to Payne's intent.

The testimony specifically challenged by Payne includes Officer Mosier's opinions concerning (1) the implications of increased amounts of cocaine purchased at each controlled buy, (2) the significance of the single-edge razor found in the apartment, (3) the importance of cash found in the apartment, and (4) the significance of finding scales, baggies, cash, and cocaine all in the same area of the apartment. However, at trial, Payne objected only to Officer Mosier's testimony concerning the increasing amounts of cocaine and the razor, and the latter statements drew no objection. It is well-settled that failure to make a contemporaneous objection to the admission of evidence at trial results in forfeiture of the issue on appeal. Brown v. State, 929 N.E.2d 204, 206-07 (Ind. 2010). Because Payne failed to object to Officer Mosier's testimony regarding the cash found in the apartment and the significance of finding the combined evidence in the same location, we deem Payne's argument forfeited with respect to that testimony.[3] Therefore, we must determine only whether Officer Mosier's opinions as to the amount of cocaine and the razor were improper testimony concerning Payne's intent.

The relevant portions of Officer Mosier's testimony are as follows:

Q [State]: Officer, does it indicate anything to you when the amounts [of cocaine] are going up?

---

[3] Ordinarily, a party may argue on appeal that, despite a failure to object, reversal is nonetheless proper where fundamental error has occurred. Curtis v. State, 948 N.E.2d 1143, 1148 (Ind. 2011). However, if a party fails to raise the issue of fundamental error in his initial brief, then that issue is forfeited. Id. Payne did not allege fundamental error in his Appellant's Brief, and thus, we need not address it. Furthermore, even if a proper objection had been made, we believe the other portions of Officer Mosier's testimony would have been properly admitted.

5

A: It indicates to me that he's more – the defendant is more comfortable with the CI and that he, you know, gives him – usually on the first – first buys, you know, it's usually a tighter amount. But as a – as a defendant gets more comfortable with a CI, he usually gives them a – usually a little larger amount.

\*\*\*

Q: From your training and experience in drug cases, does this razor mean anything to you?

A: It – it means to me that that razor could have been used to cut chunks of crack/cocaine and then package them.

Transcript at 109, 128-29.

Indiana Evidence Rule 704(a) provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact." It is true that Rule 704(b) prohibits opinions concerning intent in a criminal case, but we believe Payne's interpretation of this limitation paints with too broad a brush. A skilled witness, testifying within the scope of Rule 701, may offer an opinion on ambiguous evidence that may lead to an inference as to an element of the offense, without running afoul of Rule 704(b). Such permissible testimony includes opinion testimony concerning the tendencies of criminals or the significance of evidence potentially related to the commission of a crime, so long as the witness does not give an opinion as to whether the defendant harbored the requisite intent. See, e.g., Davis v. State, 791 N.E.2d 266, 269 (Ind. Ct. App. 2003) (holding that a police officer, testifying as a skilled witness, could opine as to characteristics that distinguish drug dealers from drug users, which included the packaging and amount of cocaine found), trans. denied; Scisney v. State, 690 N.E.2d 342, 346 (Ind. Ct. App. 1997) (stating an officer who is qualified as an expert in the area of drugs may offer testimony

6

as to whether particular facts tend to be consistent with dealing in drugs), <u>summarily aff'd in relevant part</u>, 701 N.E.2d 847, 848 (Ind. 1998).

The testimony offered by Officer Mosier falls within the scope of permissible opinion testimony by a skilled witness. His testimony—explaining a phenomenon whereby drug sales between a CI and a dealer often increase after several controlled buys and the significance of a single-edge razor as a tool commonly used to cut and package cocaine—is based upon his knowledge as an experienced narcotics officer and provides the jury with insight into what may otherwise be ambiguous or innocuous evidence. <u>See</u> Evid.R. 701. Therefore, we hold that the trial court did not abuse its discretion by admitting Officer Mosier's testimony as a skilled witness.

## Conclusion

Concluding that the trial court did not abuse its discretion by admitting Officer Mosier's opinion testimony, we affirm.

Affirmed.

RILEY, J., and KIRSCH, J., concur.