**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY OF APPELLANT:

**THOMAS P. KELLER**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RAYTERRION WHEELER, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 71A03-1310-CR-391 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1211-MR-14

**May 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Rayterrion Wheeler appeals his conviction for murder, raising a single issue for our review: whether the trial court abused its discretion by preventing Wheeler from impeaching a witness with evidence of convictions that were more than ten years old. Concluding the trial court's decision was not an abuse of discretion, we affirm.

## Facts and Procedural History

The facts most favorable to Wheeler's conviction are as follows. On November 9, 2012, Wheeler and Herbert Brown went to the residence of Angela Turner for the purpose of purchasing drugs. While in the living room, a verbal altercation ensued between Wheeler and another man, Mack Caldwell. Wheeler then pulled a gun and shot Caldwell in the chest, killing Caldwell. Wheeler and Brown immediately left the residence and fled down an alley. As they ran, Wheeler and Brown discarded several articles of clothing. One witness saw Wheeler fleeing the residence and believed Wheeler looked to be concealing something under his jacket.

On November 11, 2012, Wheeler was charged with murder. A four-day jury trial was held in June 2013. Turner testified that she witnessed Wheeler shoot Caldwell. Among the State's other witnesses was Byron Canada. Canada was Wheeler's cellmate in the St. Joseph County jail. Canada testified that Wheeler confessed to the murder for which he was charged. At that time, Canada was serving an eleven-and-one-half year prison sentence after pleading guilty to approximately thirty counts of mail fraud, wire fraud, and money laundering, which were based on conduct that occurred from 2004 through 2009. Wheeler was permitted to impeach Canada with evidence of those convictions. However, the trial court refused to let Wheeler impeach Canada with additional fraud convictions from 1994, 1990, and 1978.

The jury found Wheeler guilty of murder. On September 18, 2013, the trial court sentenced Wheeler to sixty years, with fifty years executed in the Indiana Department of Correction and ten years suspended to probation. Wheeler now brings this appeal.

## Discussion and Decision

### I.  Standard of Review

Wheeler argues the trial court erred by denying his request to impeach Canada with evidence of convictions that were more than ten years old.  A trial court's ruling to admit or exclude evidence under Indiana Evidence Rule 609(b) is reviewed for an abuse of discretion. Scalissi v. State, 759 N.E.2d 618, 624 (Ind. 2001).  An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances.  Hale v. State, 976 N.E.2d 119, 123 (Ind. Ct. App. 2012).

### II.  Impeachment by Evidence of a Criminal Conviction

For the purpose of impeaching a witness, "evidence that the witness has been convicted of a crime or an attempt of a crime shall be admitted but only if the crime committed or attempted is (1) . . . or (2) a crime involving dishonesty or false statement."  Ind. Evidence Rule 609(a) (2013).  However, if a witness's conviction is more than ten years old, evidence of the conviction is admissible only if "the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect" and "the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence . . . ."  Ind. Evidence Rule 609(b) (2013).  Generally, Rule 609(b) "presumes the exclusion of convictions more than ten years old."  Scalissi, 759 N.E.2d at 624.

Here, Wheeler failed to provide the State with written notice of his intent to use Canada's older convictions for impeachment purposes.  That failure alone is sufficient grounds to deny Wheeler's use of the convictions in question.  See Ind. Evidence Rule 609(b).  Wheeler asks that we overlook this shortcoming and consider Wheeler's reference to Canada's convictions during opening statements as sufficient notice under the rule.  But Rule 609(b)'s requirement of written

notice is explicit; the trial court did not excuse Wheeler's failure, nor did the State. We must decline Wheeler's invitation to ignore the rule's requirement of written notice.

Even setting aside Wheeler's failure to provide notice, we would not conclude the trial court's decision to disallow use of Canada's additional convictions was an abuse of discretion. Convictions more than ten years old are presumed inadmissible and may be admitted only where there is a finding that their probative value substantially outweighs any prejudice. There would have been little probative value to evidence of Canada's convictions from 1994, 1990, and 1978. Wheeler was able to impeach Canada with evidence of numerous recent convictions for fraudulent acts occurring between 2004 and 2009 and for which Canada was currently incarcerated. Those convictions alone demonstrated a pattern of dishonest conduct over an extended period of time, which Wheeler stated on appeal was his goal. We cannot find the trial court's decision was an abuse of discretion.

## Conclusion

Concluding the trial court's decision to prohibit Wheeler's use of convictions more than ten years old for impeachment purposes was not an abuse of discretion, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

4