## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2015, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. King
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey A. Dice, II,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 9, 2015

Court of Appeals Case No. 34A04-1407-CR-318

Appeal from the Howard Superior Court
The Honorable George A. Hopkins, Judge
Case No. 34D04-1107-FB-116

**Crone, Judge.**

# Case Summary

[1] Jeffrey[1] A. Dice, II, appeals his convictions and sentences for class B felony neglect of a dependent resulting in serious bodily injury and class B felony battery resulting in serious bodily injury. He argues that the trial court committed fundamental error by permitting the State's expert witness to testify to the cause of the victim's injuries when the witness was not qualified to do so, that his convictions violate the Indiana Constitution's prohibition against double jeopardy, and that his sixteen-year sentence is inappropriate. We conclude that the State's witness was qualified to testify to the cause of the victim's injury and therefore the trial court committed no error, let alone fundamental error, in permitting her to testify. The State concedes that Dice's convictions violate the prohibition against double jeopardy, and we agree. Finally, we conclude that Dice has waived his inappropriateness argument by failing to present a cogent argument. Therefore, we affirm Dice's conviction and sentence for battery and vacate his conviction for neglect of a dependent.

## Facts and Procedural History

[2] The facts most favorable to the verdicts follow. In May 2011, Dice was married to and living with Tara and her nineteen-month-old daughter, B.S. Dice agreed to watch B.S. while Tara was at work. Dice took Tara to work and returned home with B.S. No one else was present at the house. While in Dice's

---

[1] This is the correct spelling of appellant's first name. His name is misspelled on trial court documents as "Jeffery."

custody, B.S. suffered severe burns to her face, left hand, and left foot. Dice called Tara at work, told her that B.S. had burned her hand, and asked Tara what to do. Tara did not ask Dice how B.S. had been burned but told him to take B.S. to the hospital near her workplace.

[3] Dice took B.S. to the hospital, although it was not the one that Tara had requested. Tara went to the hospital and saw that B.S.'s hand and foot were burned. Tara's mother and sisters also came to the hospital. One of Tara's sister observed that Dice "didn't seem regretful at all. He just kind of sat there with a stone look on his face." Tr. at 91. Another sister noticed that Dice "seemed normal, not really worried or upset. [B.S.] was freaking out and screaming, you could hear it, and he just sat there. He had no emotion whatsoever." *Id*. at 95. Tara's mother also observed that Dice showed "a total lack of emotion, no remorse." *Id*. at 112. Dice provided inconsistent explanations to Tara's sister as to how B.S. got burned. In one account, he told her that he was boiling water for noodles and the water boiled over his hand, causing him to jump back and drop the pan. Later, he told her that B.S. grabbed the pan off the stove and the water splashed out on her. *Id*. at 98.

[4] B.S. was transported by ambulance to Riley Hospital for Children for treatment of her wounds. Tara and Dice followed. While they were driving, Dice told Tara that he had been boiling water to cook noodles and was unaware that B.S. was in the room with him. Something startled him, and he knocked the pan off the stove. It was only when B.S. started crying that he realized that she was in the room. Tara was frustrated because Dice was unable to provide details such

as where B.S. was standing, exactly how she got burnt, and how the pot fell off the stove.

[5] At Riley, Dr. Roberta Hibbard consulted with and assisted the burn surgeons in treating B.S. Dr. Hibbard is a professor of pediatrics at Indiana University School of Medicine at Riley. She has been at Riley since 1985. She is also the director of the Section of Child Protection Programs in the Department of Pediatrics. The Child Protection Programs "provide consultation to other health care providers, to child protection services, to law enforcement and other professionals when there are concerns about the possibility of child abuse and neglect." *Id*. at 194. The consultations vary from a simple phone call, to a review of medical records and other available information, scene investigation, examination of the patient, interviews of family members, and participation in the direct medical care of the patient. *Id*. at 195. During her time at Riley, Dr. Hibbard has been involved in a couple hundred burn cases. *Id*. at 217.

[6] Dr. Hibbard examined B.S. the day after she was admitted to Riley. B.S.'s left hand and left foot were bandaged, but Dr. Hibbard was able to see her other hand and foot and her face. Dr. Hibbard observed redness and blistering on B.S.'s left cheek and under her chin. Dr. Hibbard also reviewed photographs of B.S.'s left hand and left foot before they were bandaged. Dr. Hibbard noted the "fairly clear line or straight line of where the skin has been burned and where it's not been burned" on B.S.'s left hand and the "fairly straight line of demarcation" involving all of [B.S.'s] toes of her left foot, which she concluded are "clear evidence of a dip or an immersion burn to the hand and foot." *Id*. at

204, 205-08. Dr. Hibbard also interviewed Tara and Dice. She concluded that Dice's explanation regarding how B.S. got burned did not "make any sense for the pattern of injury that [B.S.] sustained." *Id*. at 209. She further concluded that B.S.'s injuries were "most characteristic of non-accidental injury in the absence of a clear history to account for them." *Id*. at 211. B.S. was released from Riley after two weeks and placed with her maternal grandmother. B.S. required further surgery and years of physical therapy. She has permanent scarring.

[7] The State charged Dice with class B felony neglect of a dependent resulting in serious bodily injury and class B felony battery resulting in serious bodily injury to a person less than fourteen years of age. Dice's first trial ended in a mistrial. At Dice's second trial, Dr. Hibbard testified without objection. Dice's expert Dr. Richard Kagan testified that the burns on B.S.'s hand and foot appeared to be immersion burns. *Id*. at 297-98. However, he also testified that the burn pattern shown in the photographs was not consistent "with a single intentional injury that would be inflicted by a perpetrator." *Id*. at 285. It was Dr. Kagan's belief that the injuries to B.S. were "more likely accidental" because of "the multiple areas that are involved where I cannot in my mind come up with a system to replicate how this could have happened. I cannot explain in one instance of intent how that could have possibly happened." *Id*. at 301. The jury found Dice guilty as charged. The trial court sentenced Dice to concurrent sixteen-year executed terms. Dice appeals.

# Discussion and Decision

## Section 1 – The trial court committed no error by allowing Dr. Hibbard to testify regarding the cause of B.S.'s burns.

[8] Dice contends that the trial court erred by permitting Dr. Hibbard to offer her opinion as an expert witness on the cause of B.S.'s burns. Because Dice did not object to Dr. Hibbard's testimony at trial, his claim of error is waived and he can win reversal only by establishing fundamental error. *See Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002) ("As a general rule, the failure to object at trial results in a waiver of the issue on appeal.").

[9] "[T]the fundamental error doctrine is an 'extremely narrow' doctrine that is available only in 'egregious circumstances.'" *Hale v. State*, 976 N.E.2d 119, 124 (Ind. Ct. App. 2012) (quoting *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010)). To rise to the level of fundamental error, "'an error must be so prejudicial to the rights of the defendant as to make a fair trial impossible.'" *Benson*, 762 N.E.2d at 755 (quoting *Willey v. State*, 712 N.E.2d 434, 444-45 (Ind. 1999)). Put another way, "the error 'must constitute a blatant violation of basic principles, the harm or potential for harm must be substantial, and the resulting error must deny the defendant fundamental due process.'" *Id*. (quoting *Wilson v. State*, 514 N.E.2d 282, 284 (Ind. 1987)).

[10] Under Indiana Evidence Rule 702, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

training, or education, may testify thereto in the form of an opinion or otherwise. "[O]nly one characteristic is necessary to qualify an individual as an expert." *Burnett v. State*, 815 N.E.2d 201, 204 (Ind. Ct. App. 2004). "As such, a witness may qualify as an expert on the basis of practical experience alone." *Id.*; *see also Clark v. State*, 6 N.E.3d 992, 998 (Ind. Ct. App. 2014) ("The qualifications of an expert may be established by practical experience as well as by formal training.").

[11] Dice's sole argument is that the State failed to show that Dr. Hibbard had sufficient knowledge, skill, experience, training, or education to opine on whether B.S.'s burns were the result of an accident or an intentional act. Specifically, he contends that she was not qualified because she is not an expert on the causes and treatments of burns. We disagree. Dr. Hibbard is a professor of pediatrics at Riley Hospital for Children. She has worked at Riley for twenty-nine years. During her tenure, she has been involved with a couple hundred burn cases. She is also director for the Section of Child Protection Programs, which assists health care providers, child protection services, law enforcement, and other professionals when there are concerns that a child has been abused and neglected. Dr. Hibbard examined B.S. and reviewed pictures of her injuries. We conclude that the State showed that Dr. Hibbard had sufficient knowledge and experience regarding the causes of burns suffered by children to provide her opinion on the cause of B.S.'s burns. *See Myers v. State*, 887 N.E.2d 170, 186 (Ind. Ct. App. 2008) (concluding that forensic pathologist who performed victim's autopsy was qualified to give opinion that victim was

raped), *trans. denied*. We find no error, let alone fundamental error, in the admission of Dr. Hibbard's testimony.[2]

## Section 2 – Dice's convictions violate double jeopardy principles.

Dice asserts that his convictions for class B felony neglect of a dependent and class B felony battery resulting in serious bodily injury violate the Double Jeopardy Clause of the Indiana Constitution, which provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. The double jeopardy rule prohibits multiple punishments for the same offense. *Johnson v. State*, 749 N.E.2d 1103, 1107-08 (Ind. 2001).

> [T]wo or more offenses are the same offense in violation of article 1, section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double jeopardy violation under this test, we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.

*Garrett v. State*, 992 N.E.2d 710, 719 (Ind. 2013) (citations and quotation marks omitted).

---

[2] Dice also argues that the evidence was insufficient to support his convictions because the only evidence that the State presented on his culpability was Dr. Hibbard's. Because we conclude that Dr. Hibbard's testimony was properly offered to the jury, we need not address his claim of insufficient evidence.

[13] To determine whether there is a reasonable possibility that that the factfinder used the same evidence to find the defendant guilty of two offenses, we "'identify the essential elements of each of the challenged crimes and [] evaluate the evidence from the jury's perspective....' In determining the facts used by the fact-finder to establish the elements of each offense, it is appropriate to consider the charging information, jury instructions, and arguments of counsel." *Lee v. State*, 892 N.E.2d 1231, 1234 (Ind. 2008) (quoting *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002)).

[14] To convict Dice of class B felony neglect of a dependent, the State had to prove that he knowingly or intentionally placed the dependent in a situation that endangered the dependent's life – allowed her to come in contact with boiling water – and it resulted in serious bodily injury. Appellant's App. at 16; Ind. Code § 35-46-1-4(a)(1) and -(b)(2). To convict Dice of class B felony battery, the State had to prove that he knowingly or intentionally touched a person who was less than fourteen years of age in a rude, insolent or angry manner – burned her with boiling water – that resulted in serious bodily injury to that person. *Id.* at 17; Ind. Code § 35-42-2-1(a)(4).

[15] The State acknowledges that the prosecutor argued in closing and rebuttal that Dice knowingly immersed B.S. in boiling water resulting in serious burns to the child's face, left hand, and left foot. As such, the State concedes that there is a reasonable probability that the evidentiary facts used by the jury to establish battery were also used to establish neglect of a dependent. We agree.

[16] "When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated." *Richardson v. State*, 717 N.E.2d 32, 54 (Ind. 1999) (citation omitted). Because the evidence and the prosecutor's argument best fit the class B felony battery charge, we leave the battery conviction intact and vacate Dice's conviction for class B felony neglect of a dependent.

## Section 3 – Dice has waived his argument that his sentence is inappropriate.

[17] Dice contends that his sentence is inappropriate[3] pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Dice has the burden to show that his sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[18] Although Dice cites Appellate Rule 7(B), he argues that the trial court relied on impermissible aggravators and improperly weighed the aggravating and

---

[3] Dice uses the term "unreasonable" rather than "inappropriate." Prior to January 1, 2003, we reviewed a sentence to determine if it was "manifestly unreasonable." However, the Indiana Supreme Court amended Indiana Appellate Rule 7(B), effective January 1, 2003, to replace "manifestly unreasonable" with "inappropriate."

mitigating factors.[4] He fails to present a cogent argument that his sentence is inappropriate based on the nature of the offense and his character. "Failure to put forth a cogent argument acts as a waiver of the issue on appeal." *Whaley v. State*, 843 N.E.2d 1, 18 n.15 (Ind. Ct. App. 2006); *see also* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."). Therefore, Dice has waived his inappropriateness argument.

## Conclusion

We affirm Dice's conviction and sentence for class B felony battery and vacate his conviction for class B felony neglect of a dependent.

Affirmed in part and vacated in part.

Friedlander, J., and Kirsch, J., concur.

---

[4] Appellate courts no longer review the trial court's weighing and balancing of aggravators and mitigators. *See Anglemyer*, 868 N.E.2d at 491 ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence,… a trial court cannot now be said to have abused its discretion by failing to properly weigh such factors.").